# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2022

No. 21-30691
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ORENTHA JAMES PEA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-294-1

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Orentha James Pea was sentenced to 120 months of imprisonment after being convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, he contends that the district court erred in denying his motion to suppress evidence seized from his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

estranged wife's residence. Specifically, he claims that the district court clearly erred in determining that he lacked standing and that his estranged wife was unable to consent to the search of the residence after he refused to allow the police entry.

When reviewing the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual determinations for clear error. *United States v. Tello*, 924 F.3d 782, 786 (5th Cir. 2019). There is no clear error if a factual finding is plausible in light of the record as a whole. *United States v. Perales*, 886 F.3d 542, 545 (5th Cir. 2018). "'[W]e may consider all of the evidence presented at trial, not just that presented before the ruling on the suppression motion, in the light most favorable to the prevailing party.'" *United States v. Onyeri*, 996 F.3d 274, 278 (5th Cir. 2021) (quoting *United States v. Ibarra*, 493 F.3d 526, 530 (5th Cir. 2007)). Moreover, the district court's decision may be affirmed for any reason that is supported by the record. *United States v. Escamilla*, 852 F.3d 474, 480 (5th Cir. 2017).

Regardless of whether Pea was a guest who had standing to challenge the search of his estranged wife's residence, the search was not improper because it was conducted with his wife's consent. While a co-occupant generally has the authority to consent to a search, "a physically present inhabitant's express refusal of consent to a police search is dispositive . . . regardless of the consent of a fellow occupant." *Georgia v. Randolph*, 547 U.S. 103, 122-23 (2006). However, this exception is limited and "applies only when the objector is standing in the door saying 'stay out' when officers propose to make a consent search." *Fernandez v. California*, 571 U.S. 292, 306 (2014). Because Pea objected to the search of his wife's residence after he was arrested and placed in a police cruiser, he was not physically present at the residence and was unable to override his estranged wife's consent. *See Randolph*, 547 U.S. 122-23.

No. 21-30691

Accordingly, the judgment of the district is AFFIRMED.